IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 94-276 |
| Plaintiff, | |
| v. | |
| NATHANIEL SWINT | CIVIL ACTION NO. 06-11 |
| Defendant. | |

FILED
JUN 2 3 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

DuBOIS, J.                                                                    JUNE 23, 2006

**MEMORANDUM AND ORDER**

**MEMORANDUM**

I.  **INTRODUCTION**

Presently before the Court are the following seven pro se motions filed by defendant Nathaniel Swint:

1. "Motion to Make Additional Findings of the Historical and Presented Facts Overlooked, Misrepresented and Misapprehended by the Court in its October 27, 2005 Order; With a Request for an Evidentiary Hearing in Order that the Court May Observe and Render Justice in Light of all the Facts by their True Nature. In addition, this Court Misapprehended Movant's Relief Sought from the Challenge to the Integrity of Movant's 28 U.S.C. § 2255 Proceeding and the Court's Overlooking in Failing to Rule Upon Movant's Motion to Take Judicial Notice" ("Motion 1") (Document No. 311, filed November 14, 2005, Criminal Action No. 94-276);

2. "Supplemental Motion to Take Judicial Notice of Adjudicated Facts, that the Federal Bureau of Investigation Failure to Properly Discharge Their Official Duties Affected the Integrity of Movant's 28 U.S.C. § 2255 Proceedings" ("Motion 2") (Document No. 312, filed November 14, 2005, Criminal Action No. 94-276);

3. "Motion to Supplement Movant's Pending Motion to Make Additional Findings of Fact and Modification of the October 25, 2005 and July 17, 2000 Order with a Request for an Evidentiary Hearing" ("Motion 3") (Document No. 313, filed November 21, 2005, Criminal Action No. 94-276);

4. "Motion for Leave to Supplement Pending Postjudgment [sic] Motion From This Court's October 25, 2005 Opinion and Order" ("Motion 4") (Document No. 314, filed November 21, 2005, Criminal Action No. 94-276);

5. "Motion to Take Judicial Notice Under The Federal Rules of Evidence 201 et. seq." ("Motion 5") (Document No. 316, filed December 12, 2005, Criminal Action No. 94-276);

6. "Letter/Motion to Take Judicial Notice" ("Motion 6") (Document No. 317, filed December 14, 2005, Criminal Action No. 94-276); and

7. "Independent Action for Modification of This Court's September 6, 2000; October 20, 2000 Orders Related to the July 17, 2000 Memorandum & Order Via Rule 60(b)'s Savings Clause Under the Federal Rules of Civil Procedure In Light of Subsequent Decisions of the Supreme Court Unexpectedly Changing the Interpretation of Statutory Law, In Conjunction With Rule 61 Harmless Error Analysis" ("Motion 7") (Document No. 1, filed January 3, 2006, Civil Action No. 06-11).

For the reasons set forth below, the Court grants Motions 1, 3, and 4 in part; denies Motions 1, 3, and 4 in part; denies Motions 2, 5, and 6 in their entirety; and dismisses Motion 7 without prejudice.

## II. BACKGROUND

The Court sets forth only an abbreviated procedural history as pertinent to the pending motions. A detailed factual and procedural history is included in the Court's previously reported opinions in this case. See United States v. Swint, 2005 U.S. Dist. Lexis 25318, at *2-4 (E.D.Pa. Oct. 25, 2005); United States v. Swint, 2000 U.S. Dist. Lexis 9959, at *2-8 (E.D.Pa. July 17, 2000) (post-conviction procedural history); United States v. Swint, 1996 U.S. Dist. Lexis 9552 (factual history and analysis of pro se post-trial motions).

2

This case arises out of the distribution of heroin and cocaine which petitioner, Nathaniel Swint, obtained from an FBI Special Agent who had stolen massive quantities of drugs from the FBI's evidence control room. Count One of the Indictment charged that from in or about January 1994, through in or about March 1994, Swint conspired to distribute cocaine, a schedule II controlled substance, and heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 846. Count Two charged that between in or about January 1994, and in or about March 1994, Swint possessed, with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1). Count Three charged that between in or about January 1994, and in or about March 1994, Swint possessed, with intent to distribute, in excess of five hundred grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Four charged that from in or about April 1994, through in or about May 1994, Swint attempted to possess, with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. § 846.

On February 24, 1995, a jury convicted Swint on all four counts. On September 26, 1996, this Court sentenced Swint to life imprisonment on Counts Two and Four, with sentences to run concurrently, and 250 months imprisonment on Counts One and Three, with sentences to run concurrently with each other and with the sentence imposed on Counts Two and Four.

After his conviction, Swint filed numerous post-verdict motions. All motions were denied by this Court. All appeals to the Third Circuit were rejected.

## III. DISCUSSION

### A. Motions 3 and 4

Swint filed Motions 3 and 4 to supplement Motions 1 and 2. Because petitioner is proceeding pro se, the Court concludes that it is reasonable to grant the two motions only to the

extent that they seek to supplement Motions 1 and 2. To the extent that Motions 3 and 4 seek additional relief from the Court, the Court concludes that those motions are meritless and, thus, the Court denies those motions in all other respects.

B.   Motion 1

This motion raises multiple arguments. Two of these arguments have merit: First, the petitioner correctly noted that this Court's Memoranda dated October 25, 2005 and July 17, 2000 misstate the drug amount in Count Three of the Indictment by referring to kilograms rather than grams. The Memoranda shall be amended to reflect the correct drug amount – five hundred grams of cocaine, instead of five hundred kilograms. Second, the petitioner correctly noted that the Court's Memorandum dated October 25, 2000 misidentified a document as the government's response to petitioner's FOIA request. In fact, the document responded to another individual's FOIA request. The Memorandum will be appropriately amended.

The remaining claims[1] in Motion 1 are completely meritless, and Swint is not entitled to the relief that he seeks. Therefore, the Court denies the motion in all other respects.

C.   Motion 2

In this motion, petitioner asks the Court to take judicial notice of "'clear evidence' displacing the presumption of regularity that the Government through its agency of the FBI has

---

[1] Swint argues that the Court's Order dated October 25, 2005 erred because it: (1) should have focused on petitioner's discovery requests from 1999 and 2000, instead of the Brady and Giglio violations alleged by petitioner; (2) did not take judicial notice of the existence of the FBI's I-drive; (3) did not recognize that 28 U.S.C. § 2244(a) allows the filing of second or successive habeas petitions; (4) did not give petitioner notice of its intent to construe his Rule 60(b) motion as a second or successive habeas petition; and (5) should have issued a certificate of appealability. In addition, Swint claims that the Third Circuit's Local Rule 22.2 is a "fugitive rule" that is inconsistent with justice and the Federal Rules of Appellate Procedure, and that a hearing is warranted.

properly discharged their official duties." Motion 2 at 1. In support thereof, petitioner submits United States v. Koubriti, 336 F. Supp. 2d 676 (E.D. Mich. 2004).

In Koubriti, the defendants, who were convicted of terrorist activities and fraud, sought a new trial on the ground that the government failed to meet its Brady and Giglio obligations. Id. at 677. The government moved to dismiss the terrorism-related charges and acquiesced in a new trial on the fraud charges, confessing that it had failed to turn over considerable evidence that was clearly and materially exculpatory. Id. at 678-681.

The Court concludes that Koubriti is wholly inapposite to petitioner's case. Petitioner has submitted absolutely no evidence in support of his claims. Thus, the Court denies Motion 2.

D.   Motion 5

In this motion, Swint urges the Court to conclude, inter alia, that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") is inapplicable to his case. The Court concludes that there is absolutely no basis for that conclusion or any of the other conclusions that petitioner urges in this motion. Motion 5 is therefore denied.

E.   Motion 6

Motion 6 argues that this Court's Order dated October 25, 2005 runs afoul Local Rule 22.2, 28 U.S.C. § 2072(a) and (c), and Federal Rule of Appellate Procedure 4. Because these arguments are completely meritless, the Court denies this motion.

F.   Motion 7

Swint filed this motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that he is "entitled to relitigate the drug quantities and recidivism as elements of 21 U.S.C. § 841 . . . to enforce the jury trial right to determine those issues under 28 U.S.C. § 2255 ¶ 6(3)." Aff. ¶ 2.

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. See Fed. R. Civ. P. Rule 60(b).[2] The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" United States v. Hernandez, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)).

Before reaching the merits of petitioner's 60(b) motion, the Court must determine whether the motion is, in essence, second or successive 28 U.S.C. § 2254 habeas motions. Such a determination is necessary because the Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits a petitioner's ability to bring a second or successive habeas motion. Before filing a second or successive § 2254 habeas motion, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. See 28 U.S.C.

---

[2] Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

§ 2244(b)(3)(A).³

The Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule 60(b) motion should be construed as a second or successive habeas petition where the 60(b) motion challenges the underlying state conviction. See Gonzalez v. Crosby, 125 S.Ct. 2641 (June 23, 2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The Court concludes that, under Gonzalez and Pridgen, petitioner's 60(b) motion – i.e., Motion 7 – must be construed as second or successive habeas corpus motions because Swint alleges that he is entitled to relitigate issues that were decided at trial. This type of collateral attack on an underlying federal conviction is precisely what the AEDPA sought to limit.

Because Swint has not obtained an order from the Court of Appeals for the Third Circuit authorizing this Court to consider his 60(b) motion, the Court dismisses that motion without prejudice as an unauthorized habeas petition.

### G.   Certificate of Appealability Denied For Motions 1 through 7

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); see also 28 U.S.C. § 2253(c). The Court concludes that the petitioner has not made such a showing with respect to any of the claims raised in Motions 1, 2, 3, 4, 5, 6, and 7. Therefore, the Court will not issue a certificate of

---

³Section 2244(b)(3)(A) of the AEDPA provides in pertinent part: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

appealability as to those motions.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Motions 1, 3, and 4 in part as specified above; denies Motions 1, 3, and 4 in all other respects; denies Motions 2, 5, and 6 in their entirety; and dismisses Motion 7 without prejudice. The Court further denies certificates of appealability as to Motions 1, 2, 3, 4, 5, 6, and 7 on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CRIMINAL ACTION |
| : | NO. 94-276 |
| Plaintiff, : | |
| v. : | |
| : | CIVIL ACTION |
| NATHANIEL SWINT : | NO. 06-11 |
| Defendant. : | |

FILED JUN 2 3 2006 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk

## ORDER

**AND NOW**, this 23rd day of June, 2006, upon consideration of petitioner's <u>pro se</u> submissions, **IT IS ORDERED** as follows:

1. The "Motion to Supplement Movant's Pending Motion to Make Additional Findings of Fact and Modification of the October 25, 2005 and July 17, 2000 Order with a Request for an Evidentiary Hearing" ("Motion 3") (Document No. 313, filed November 21, 2005, Criminal Action No. 94-276) is **GRANTED IN PART**, only to the extent that it seeks to supplement the defendant's other motions, but is **DENIED IN ALL OTHER RESPECTS**.

2. The "Motion for Leave to Supplement Pending Postjudgment [sic] Motion From This Court's October 25, 2005 Opinion and Order" ("Motion 4") (Document No. 314, filed November 21, 2005, Criminal Action No. 94-276) is **GRANTED IN PART**, only to the extent that it seeks to supplement the defendant's other motions, but is **DENIED IN ALL OTHER RESPECTS**.

3. The "Motion to Make Additional Findings of the Historical and Presented Facts Overlooked, Misrepresented and Misapprehended by the Court in its October 27, 2005 Order; With a Request for an Evidentiary Hearing in Order that the Court May Observe and Render Justice in Light of all the Facts by their True Nature. In addition, this Court Misapprehended Movant's Relief Sought from the Challenge to the Integrity of Movant's 28 U.S.C. § 2255 Proceeding and the Court's Overlooking in Failing to Rule Upon Movant's Motion to Take Judicial Notice" ("Motion 1") (Document No. 311, filed November 14, 2005, Criminal Action No. 94-276) is **GRANTED IN PART** as follows:

    A. Page 2 of this Court's Memorandum dated July 17, 2000 **IS AMENDED TO SUBSTITUTE** "five hundred grams of cocaine" for "five hundred kilograms of cocaine."

    B. Page 2 of this Court's Memorandum dated October 25, 2005 **IS AMENDED TO SUBSTITUTE** "five hundred grams of cocaine" for "five hundred kilograms of cocaine."

    C. Pages 3-4 of this Court's Memorandum dated October 25, 2005 **ARE AMENDED TO SUBSTITUTE** "the government's response to another individual's Freedom of Information Act request" for "the government's response to his Freedom of Information Act request."

The Motion ("Motion 1") is **DENIED IN ALL OTHER RESPECTS**.

4. The "Supplemental Motion to Take Judicial Notice of Adjudicated Facts, that the Federal Bureau of Investigation Failure to Properly Discharge Their Official

2

Duties Affected the Integrity of Movant's 28 U.S.C. § 2255 Proceedings" ("Motion 2") (Document No. 312, filed November 14, 2005, Criminal Action No. 94-276) is **DENIED**.

5. The "Motion to Take Judicial Notice Under The Federal Rules of Evidence 201 et. seq." ("Motion 5") (Document No. 316, filed December 12, 2005, Criminal Action No. 94-276) is **DENIED**.

6. The "Letter/Motion to Take Judicial Notice" ("Motion 6") (Document No. 317, filed December 14, 2005, Criminal Action No. 94-276) is **DENIED**.

7. The "Independent Action for Modification of This Court's September 6, 2000; October 20, 2000 Orders Related to the July 17, 2000 Memorandum & Order Via Rule 60(b)'s Savings Clause Under the Federal Rules of Civil Procedure In Light of Subsequent Decisions of the Supreme Court Unexpectedly Changing the Interpretation of Statutory Law, In Conjunction With Rule 61 Harmless Error Analysis" ("Motion 7") (Document No. 1, filed January 3, 2006, Civil Action No. 06-11) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that certificates of appealability will not issue with respect to any of the aforementioned motions – Motions 1, 2, 3, 4, 5, 6, and 7 – on the ground that the petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c).

BY THE COURT:

_____
JAN E. DuBOIS, J.

3